**XIAO JIE ZHOU**

v.

**HOLDER, A093 394 030.**

**Shao Lin Chen**

v.

**Holder, A099 938 936.**

**Wen Qing Yang**

v.

**Holder, A099 930 548.**

**Dianqin Jiang**

v.

**Holder, A089 253 646.**

**Shuying Chen**

v.

**Holder, A095 164 157.**

**Wen Qing Chen**

v.

**Holder, A099 928 261.**

10. In particular, we have considered Metro–North's evidentiary challenges and find them to be without merit.

Shu–Chin Lin

v.

Holder, A073 034 379.

Zou–Qiang Gao

v.

Holder, A072 460 888.

Ming Kui Xiao

v.

Holder, A072 766 265.

Feng Zhi Lin

v.

Holder, A089 254 238.

Nos. 10–1350–ag, 10–2911–ag, 10–3684–ag, 10–4919–ag, 11–13–ag, 11–1015–ag, 11–1604–ag, 11–2062–ag, 11–2303–ag, 11–2572–ag.

United States Court of Appeals,
Second Circuit.

Aug. 2, 2012.

Richard Tarzia, Law Office of Richard Tarzia, Belle Mead, NJ, for Xiao Jie Zhou, Wen Qing Yang and Feng Zhi Lin.

Gary J. Yerman, Yerman & Associates, LLC, New York, NY, for Dianqin Jiang, Shu–Chin Lin and Ming Kui Xiao.

Yee Ling Poon, Law Office of Yee Ling Poon, LLC, New York, NY, for Wen Qing Chen.

H. Raymond Fasano, Madeo & Fasano Attorneys & Counselors at Law, New York, NY, for Zou–Qiang Gao.

Shao Lin Chen, New York, NY, pro se.

Tracie Nicole Jones, Micheline K. Hershey, Paul F. Stone, Juria L. Jones, Stuart S. Nickum, David V. Bernal, Jem C. Sponzo, Dara Smith, John J.W. Inkeles, Kimberly A. Burdge, OIL, United States Department of Justice, Washington, DC, for Holder.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### *SUMMARY ORDER*

Each of these petitions challenges a decision of the BIA affirming the decision of an immigration judge ("IJ") denying asylum and related relief. The applicable standards of review are well-established.

**156**

*See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 157–58 (2d Cir.2008).

Petitioners, all natives and citizens of China, sought relief from removal based on their claims that they fear persecution because they have had one or more children in the United States, which they contend is in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao,* we find no error in the agency's decisions. *See id.* at 158–72.

We also conclude that the agency did not abuse its discretion when, in certain cases, it declined to credit letters from a few individuals who claimed that they had been required to undergo sterilization because (i) the letters were unauthenticated, (ii) Petitioners failed to demonstrate that the circumstances of the authors were similar to their own, and (iii) the agency in other cases has rejected such isolated reports of forced sterilization in light of significant country evidence to the contrary. *See, e.g., Mao Hui Dong,* No. A099 934 664 (B.I.A. Feb. 9, 2011); *see also Jian Hui Shao,* 546 F.3d at 153, 159–61, 172.

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).